This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DAVID GETER,**

    Plaintiff-Appellant,

v.                                   **NO. 29,315**

**ST. JOSEPH HEALTHCARE**
**SYSTEMS, INC., a New Mexico**
**Non-Profit Corporation, and**
**CATHOLIC HEALTH INITIATIVES,**
**a Colorado Corporation,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Clay Campbell, District Judge**

Jones, Snead, Wertheim & Wentworth, P.A.
John V. Wertheim
Santa Fe, NM

James C. Ellis
Albuquerque, NM

for Appellant

Modrall, Sperling, Roehl, Harris & Sisk, P.A.
Lisa Mann
Jennifer A. Noya
Emil J. Kiehne
Albuquerque, NM

for Appellees

**VIGIL, Judge.**

The issue on appeal is whether it was error for the district court to grant summary judgment in favor of Defendant on Plaintiff's breach of contract claim based on a provision contained in an employee benefits handbook. Assuming without deciding that the handbook created a contract, we conclude that the unambiguous terms of the handbook do not support Plaintiff's claim. We therefore affirm the district court.

**BACKGROUND**

Plaintiff was an employee of Defendant for over ten years. Plaintiff was entitled to receive long-term disability (LTD) benefits if he became disabled during the course of his employment with Defendant. Plaintiff was diagnosed with Emery-Dreyfus Muscular Dystrophy during the course of his employment, and applied for LTD benefits with Defendant's human resources department. Upon applying for LTD benefits, Plaintiff was provided with the employee benefits handbook at issue in this case. The handbook states that LTD benefits are provided to employees at no cost and

that LTD benefits are "equal to 60 percent of [the eligible employee's] base salary to a maximum of $5,000 per month." The handbook also contains a disclaimer,

3

which states:

> The information in this handbook is intended as a brief review of the various plan benefits. For more information, see the policies and/or plan documents for the appropriate benefit. In all cases where the policy and/or plan document differ from the information contained in this handbook, the provisions of the policy and/or plan document will govern. Employees are encouraged to pick up and review additional documents before signing up for benefits.

The LTD insurance policy between Defendant and its insurance provider states that the benefits based on the sixty percent base salary amount are offset by any deductible sources of income. Federal social security disability compensation is included as one of the deductible sources of income.

Plaintiff only read the term of the employee handbook which states that LTD benefits are "equal to 60 percent of [the eligible employee's] base salary to a maximum of $5,000 per month." He subjectively understood this term to mean that he would receive sixty percent of his base salary in LTD benefits from his insurance without an offset. Relying on his understanding of the LTD provision in the handbook, Plaintiff began the application process to receive benefits through his employee benefits plan. During the application process, Plaintiff was told by an employee of Defendant's human resources department that he had to apply for federal social security disability before applying for LTD under his employee benefits plan.

Plaintiff applied for federal social security disability and was determined to be eligible for such benefits. Plaintiff then stopped working and applied for, and received, LTD benefits through the employee benefits plan. Plaintiff later learned that the sixty percent base salary amount was offset by disability benefits he was receiving from social security.

Plaintiff filed a complaint for breach of contract or in the alternative promissory estoppel alleging that Defendant breached its enforceable promise that he would receive LTD benefits equal to sixty percent of his base salary without an offset, which he asserted was provided for in the employee handbook. Plaintiff filed a motion for partial summary judgment, and Defendant filed a cross-motion for summary judgment. The district court granted Defendant's motion for summary judgment and denied Plaintiff's motion. Plaintiff appeals arguing that summary judgment was improper on the breach of contract claims. Plaintiff does not challenge the summary judgment on his promissory estoppel claims.

**DISCUSSION**

**Standard of Review**

"Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson*, 113 N.M.

331, 334, 825 P.2d 1241, 1244 (1992); *see* Rule 1-056 NMRA. "We review these legal questions de novo." *Self v. United Parcel Serv., Inc.*, 1998-NMSC-046, ¶ 6, 126 N.M. 396, 970 P.2d 582. "Interpretation of an unambiguous contract is a question of law which we review de novo." *Nearburg v. Yates Petroleum Corp.*, 1997-NMCA-069, ¶ 7, 123 N.M. 526, 943 P.2d 560.

**Defendant Did Not Breach the Contract Because the Handbook Was a Summary of the Agreement Which Expressly Incorporated the More Specific Terms of the Insurance Policy**

Plaintiff argues that the description of the LTD benefits found in the employee handbook created an unambiguous written promise that Defendant would provide LTD benefits to Plaintiff equal to sixty percent of his base salary without an offset of the amount he received from social security. Plaintiff bases his argument solely on one sentence in the handbook which states that Defendant will provide LTD benefits equal to sixty percent of base salary while ignoring the disclaimer in the handbook which references the insurance policy.

Contrary to Plaintiff's assertion, principles of contract construction require us to consider all the provisions of the employee handbook together as a harmonious whole. *See Crow v. Capitol Bankers Life Ins. Co.*, 119 N.M. 452, 457, 891 P.2d 1206, 1211 (1995) (stating that "[a]nother basic principle of contract construction is that '[a]

writing is interpreted as a whole'") (quoting Restatement (Second) of Contracts § 202(2) (1979)); *Brown v. Am. Bank of Commerce*, 79 N.M. 222, 226, 441 P.2d 751, 755 (1968) (stating that "a contract should be interpreted as a harmonious whole to effectuate the intentions of the parties, and every word, phrase or part of a contract should be given meaning and significance according to its importance in context of the contract"); *Newberry v. Allied Stores, Inc.*, 108 N.M. 424, 428, 773 P.2d 1231, 1235 (1989) (considering the complete language used in a personnel manual as well as the employer's course of conduct and oral representations regarding the manual to determine whether an implied contract was created). We acknowledge that Defendant strongly argues that the handbook did not create a contract in any manner. However, we assume, without deciding, that the handbook created a written contract. In making this assumption, we also review the handbook as a whole to determine the terms of the contract.

To the degree that the handbook is a contract, the disclaimer specifically includes the insurance policy. The express language of the disclaimer states that "[t]he information in this handbook is intended as a brief review of the various plan benefits. For more information, see the [policy] for the appropriate benefit. In all cases where the policy . . . differ[s] from the information contained in this handbook,

7

the provisions of the policy . . . will govern." Thus, under the plain, unambiguous language of the handbook, the insurance policy provides the specific information regarding the coverage, and the policy controls if any language of the handbook conflicts with the policy. *See Espinosa v. United of Omaha Life Ins. Co.*, 2006-NMCA-075, ¶ 26, 139 N.M. 691, 137 P.3d 631 ("When a contract or agreement is unambiguous, we interpret the meaning of the document and the intent of the parties according to the clear language of the document, and we enforce the contract or agreement as written."). Therefore, the more specific terms of the insurance policy are expressly incorporated into the handbook's terms, and the social security disability offset provision provided in the insurance policy is included in the complete agreement created by both the handbook and the insurance policy. *See Master Builders, Inc. v. Cabbell*, 95 N.M. 371, 374, 622 P.2d 276, 279 (Ct. App. 1980) (recognizing the general rule of contract construction that allows two documents to be properly construed together when one document refers to the other). As such, Defendant did not breach the contract by applying the offset to Plaintiff's LTD benefit.

Plaintiff further points out that no evidence exists in the record that he read the disclaimer in the handbook. Plaintiff therefore argues that the disclaimer has no effect

on his rights. He relies on *DeArmond v. Halliburton Energy Servs., Inc.*, 2003-NMCA-148, 134 N.M. 630, 81 P.3d 573, for the proposition that an at-will employee must have "read or understood" a contractual provision before it can form a part of his "conscious assent" to the terms of employment. *Id.* ¶¶ 14, 17. However, *DeArmond* does not apply here.

In *DeArmond*, we relied on general contract law to conclude that by merely continuing to work for his employer, the worker did not agree to a change in the terms of his employment, which required arbitration of all work-related problems. We agreed with the worker's argument that "without a showing that he knew about the proposed new contract terms, there can be no proof that he accepted the offer." *Id.* ¶ 14. In this case, there was no modification of an existing contract. Instead, there was an existing benefit. Further, Plaintiff not only knew of the LTD benefits, he actually read at least part of the employee benefits handbook which described the benefits, and informed him of the disclaimer. Plaintiff's statement that he did not read the entire employee benefits handbook does not establish a material issue of fact under *DeArmond*. *See Smith v. Price's Creameries*, 98 N.M. 541, 545, 650 P.2d 825, 829 (1982) (stating that a party to a contract has a duty to read and familiarize himself with its contents and that one who enters into a contract is presumed to know the terms of

9

the agreement and is bound to each of its provisions in the absence of fraud, misrepresentation, or other wrongful act of the other party); *Crow*, 119 N.M. at 457, 891 P.2d at 1211 (concluding that isolating one provision from the rest of the contract would "violate the principle that no part of the contract can be isolated and interpreted distinctly from the rest of the contract").

**CONCLUSION**

For the foregoing reasons, we affirm summary judgment in favor of Defendant.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**RODERICK T. KENNEDY, Judge**